fudge Underwood
delivered the opinion of the Court.
In 1798, William Meredith instituted suit against John Kennedy, and Andrew Hynes. This controversy has already-drawn three opinions from this court. They are reported in III. Bibb, 465; Littell’s Select Cases, 516, and IV. Monroe, 409, and we refer to them for a history of the cause. The only question now before us, is, did the circuit court err in refusing to permit B. Harrison to become a party to the controversy, in 1822, after the second decision was given by this court? Kennedy was-the holder of the legal title; to induce a surrender of which, the suit was instituted. Kennedy and J. Hite, in 1789, executed their bond, binding them to convey Kennedy’s claim to Andrew Hynes. Kennedy and Hynes having died, the suit was- revived against the heirs of Kennedy and Abner Hynes, an infant and devisee of Andrew Hynes, before the cause was first adjudicated upon by this court. B. Harrison, the plaintiff.in error, was appointed guardian,ad litem5 for Abner Hynes, and attended to the defence of the suitforhim. In August, 1814, Abner Hynes having attained full age, assigned the obligation which John Kennedy and J. Hite had executed to his father, Andrew Hynes, to Harrison. This was anterior t.r *220 the daíe of the first opinion delivered by Ibis court, iia. reported in HI. Bibb. Between the dates of the first and second opinions of this court, the period oi seven years, (lacking a few days) had elapsed, during all which time, Harrison liad been defending the suit, but in the names of Kennedy’s heirs and Abner Hynes. He did not, during that time, make known bis interest, and offer to become personally a party. No proposition is 'made by him to become a party, until 1822. Ris object in wishing to become a party then, was, as manifested by his petition, to rely on such continued adverse possession, as would bar the complainant, under the statute of limitations, from any remedy at law, and also in chancery, as the chancellor adopts and applies the limitation at law, although not expressly applicable to suits in his court. Desirable as it may be to quiet the possessions of men, and to let in every defence which may lead to the accomplishment of that object, we are of opinion that Harrison’s application comes too late. Meredith had brought the holders of the legal estate before the court. The decisions of this court determined that he was entitled, in virtue of a paramount equity, to a conveyance from Kennedy’s heirs, of their legal estate. The decrees in respect to Kennedy’s heirs, were final. After thus succeeding against the holders of the legal title, and in whose names the defence which Harrison desired to introduce, might have been made as well as it could have been made in the name of Harrison, we think it was a proper exercise of the chancellor’s discretion, to refuse leave, on Harrison’s application, to let him come in and open the controversy, after his great delay. As guardian for Abner Hynes, under whom he claims, be was, virtually, a party, and defending bis own rights. He knew all about the progress of the suit, and as soon as he obtained the assignment, if lie desired to become a nominal parly, ive think he should then have made his application. Having been so long silent, we think the maxim, expedit reipublim ut sit finis litium, applies with such force to this case, that the court properly refused to grant his request, at so late an hour.
Crittenden and Mills, for plaintiff; Wicklijje, for defendant.
We do not deem it essential to enter into the question made in argument, whether Harrison was a pen-dente lite purchaser or not. If Samuel Meredith died before the assignment of the bond by Aimer Hynes to Harrison, we are inclined to the opinion, that lie should be regarded as a pendente lile, purchaser, but if Samuel Meredith’s death was subsequent to the date of the assignment, then, as at that time, Wm. Meredith, under the deed of 1790, had no title whatever, the suit pending in his name, when he had no interest, could not so operate, as to render Harrison’s contract invalid, upon the ground that he was a pendente lite purchaser. The deed from Kennedy’s heirs to Harrison, was made, according to Harrison’s showing, only twelve or eighteen months before he applied to be admitted defendant, and, therefore, does not fortify his claim.
The decree of the circuit court is, affirmed with costs.